PEOPLE v McGEE

Docket No. 241147. Submitted September 9, 2003, at Lansing. Decided
    October 2, 2003, at 9:05 A.M.

    Keangela S. McGee was found guilty by a jury in the Saginaw Circuit
        Court, Robert L. Kaczmaerk, J., of committing perjury during a
        court proceeding. MCL 750.422. The defendant reported to the
        police that her boyfriend used her ATM card to obtain funds without
        permission. The boyfriend was charged with an offense, but defen-
        dant testified during his preliminary examination that she had lied
        when she told the police that her boyfriend did not have permis-
        sion to use her ATM card. The charge against the boyfriend was dis-
        missed, and the defendant was charged with making a false police
        report of a felony. MCL 750.411a(1)(b). On the first day of jury
        selection, the prosecutor moved to amend the defendant's informa-
        tion to include the alternative charge of perjury during a court pro-
        ceeding. Defense counsel objected, arguing that the amendment
        was too late in time, that it was a surprise, that he was prepared to
        defend the original charge, and that the amendment would
        prejudice the defendant. The circuit court granted the motion to
        amend, and the defendant was found guilty of perjury. The defen-
        dant appealed, raising the same arguments, as well as arguing that
        she was denied her right to a preliminary examination, and that she
        was denied her constitutional right to due process of law.

        The Court of Appeals held:

        1. Although MCL 767.76 prohibits amendment of an information
        to add a new offense, the circuit court did not abuse its discretion
        in granting the motion to amend under MCR 6.112(H), because the
        defendant failed to establish that she was unfairly surprised or
        prejudiced by the amendment. Defense counsel argued that he was
        prepared to defend the original charge, and that he was surprised
        by the motion, but did not request that the case be remanded for a
        preliminary examination or for a continuance, nor did counsel
        specify how the defendant was prejudiced, or how additional time
        to prepare regarding the new charge would have benefited the
        defense. Even if the circuit court erred in granting the motion, the
        error was harmless and does not warrant reversal in this case. MCL
        769.26; MCR 2.613(A).

2. The defendant was not denied her statutory right to a preliminary examination, MCL 766.1 *et seq.*, when the circuit court granted the motion to amend the information because once the circuit court obtained jurisdiction over the case and the defendant upon the filing of the information, the court was authorized to amend the information under MCL 6.112(H) since the amendment did not unfairly surprise or prejudice the defendant. Even if the court did err in granting the motion, the error was harmless and does not warrant reversal in this case. MCL 769.26. The defendant's conviction was based on proof beyond a reasonable doubt, and it can be surmised that had a preliminary examination been conducted, the defendant would have been bound over on the charge of perjury since the lesser standard of probable cause is used at a preliminary examination. The defendant has not shown that the error affected the fairness or reliability of the trial itself and that it resulted in a miscarriage of justice.

3. The defendant was not denied her constitutional right to due process of law when the circuit court granted the motion to amend the information because the defendant had adequate notice of, and time to prepare a defense to, the charge of perjury. US Const, Am V; Const 1963, art 1, § 17. The record reveals that defense counsel understood the amended charge, and he did not claim to be unprepared to defend against the perjury charge. Moreover, counsel moved to suppress the transcript of the defendant's testimony, and had a witness available to testify. Defense counsel never requested a continuance, had five additional days between the close of proofs and closing arguments to make any additional claims, and the defendant has not suggested anything that her counsel would have done differently.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *J. Thomas Horiszny*, Assistant Prosecuting Attorney, for the people.

*Gerald Ferry* for the defendant.

Before: SMOLENSKI, P.J., and MARKEY and WILDER, JJ.

PER CURIAM. Defendant, Keangela S. McGee appeals by right her conviction for perjury during a court proceeding, MCL 750.422. She argues that the trial court

denied her due process of law and her statutory right to a preliminary examination by granting the prosecutor's motion to add the perjury charge as an alternative to the original charge of making a false police report of a felony, MCL 750.411a(1)(b), on the first day of jury selection. We hold that the trial court possessed jurisdiction to amend the information. *People v Goecke*, 457 Mich 442, 458-459; 579 NW2d 868 (1998). Moreover, in light of defendant's subsequent conviction, any error in failing to conduct a preliminary examination does not warrant reversal because defendant has not shown that the alleged error affected the trial. MCL 769.26; MCR 2.613(A); *People v Hall*, 435 Mich 599, 602-603, 613; 460 NW2d 520 (1990). We also conclude that defendant was not denied due process of law.

## I. SUMMARY OF FACTS AND PROCEEDINGS

On May 13, 2001, defendant reported to the police that her boyfriend, Prophet Phillips, used her ATM card to withdraw money without her permission from her bank account. The police investigated, and Phillips was subsequently charged with the unauthorized use of a financial transaction device. At a preliminary examination on June 22, 2001, defendant testified that she lied to the police when she reported that Phillips did not have permission to use her ATM card, so the charge against Phillips was dismissed, and defendant was charged with making a false report of a felony, MCL 750.411a(1)(b).

On August 23, 2001, defendant waived her right to a preliminary examination. Jury selection began on February 14, 2002. Before juror voir dire, the prosecutor moved in a bench conference to amend the

information to add the alternative count of perjury. After the jury was empaneled but before it was sworn in, defense counsel objected to the amendment. Counsel claimed that the prosecutor's motion was too late, was a surprise, that the defense had prepared to defend the charge of making a false report of a felony, and that amending the information would prejudice defendant. Furthermore, counsel objected to the prosecutor's failure to provide a copy of the transcript of the preliminary examination regarding the charges against Phillips. The trial court overruled counsel's objections and granted the motion to amend the information. The jury subsequently found defendant not guilty of making a false report of a felony but guilty of the added count of perjury.

## II. APPLICATION OF MCL 767.76 AND MCR 6.112(H)

Defendant argues that the trial court abused its discretion by permitting the prosecutor to amend the information to add a new offense rather than to simply cure a defect. Defendant also argues that granting the amendment resulted in unfair surprise that prejudiced her. We disagree.

### A. STANDARD OF REVIEW

Both MCL 767.76 and MCR 6.112(H) authorize a trial court to amend an information before, during, or after trial. The interpretation of either a statute or a court rule is a question of law subject to review de novo. *People v Chavis*, 468 Mich 84, 91; 658 NW2d 469 (2003); *In re Gosnell*, 234 Mich App 326, 333; 594 NW2d 90 (1999). A trial court's decision to grant or deny a motion to amend an information is reviewed

for an abuse of discretion. *People v Sims*, 257 Mich 478, 482; 241 NW 247 (1932). The trial court abuses its discretion if the result is so contrary to fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias, *People v Yost*, 468 Mich 122, 127; 659 NW2d 604 (2003), or when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling, *People v Jones*, 252 Mich App 1, 4; 650 NW2d 717 (2002).

### B. ANALYSIS

We conclude that the trial court's grant of the prosecutor's motion to amend the information did not result in "unfair surprise or prejudice" to defendant. MCR 6.112(H). Accordingly, the trial court did not abuse its discretion. Moreover, if procedural error occurred, it was harmless. MCL 769.26; MCR 2.613(A).

Although MCL 767.76 refers to "indictments," unless specifically noted otherwise, all laws applying to prosecutions on indictments also apply to prosecutions by information. MCR 6.112(A); MCL 750.10; MCL 767.2; *People v Glass (After Remand)*, 464 Mich 266, 278 n 8, 279; 627 NW2d 261 (2001). MCL 767.76 provides, in part:

> The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence.

In *Sims, supra*, our Supreme Court considered the propriety of amending an information from "assault with intent to kill" to "assault with intent to kill and murder." The Court interpreted the statute and found

that CL 1929, § 17290 did not permit changing the offense charged, "nor the making of a new charge by way of amendment . . . ." *Sims, supra* at 481. Rather, the statute only permitted amendments that cure "defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and court of its nature." *Id.* So, the statute was deemed to only regulate procedure; it did not affect the defendant's constitutional right to be informed of the nature of the charge. *Id.*; See also *People v Price*, 126 Mich App 647, 652; 337 NW2d 614 (1983). The Court held that the amended information did not prejudice the defendant because it did not require a different defense or evidence, and it was not a surprise. *Sims, supra* at 482. Accordingly, the Court held that the trial court did not abuse its discretion by granting the amendment. *Id.*

This Court has consistently followed *Sims, supra.* A new offense may not be added to an information by a motion to amend. See, e.g., *People v Higuera*, 244 Mich App 429, 444; 625 NW2d 444 (2001), *People v Weathersby*, 204 Mich App 98, 103-104; 514 NW2d 493 (1994), *People v Stricklin*, 162 Mich App 623, 633; 413 NW2d 457 (1987), *Price, supra* at 651 ("It is well settled that the statute does not permit an amendment for the purpose of adding a new offense."), and *People v White*, 22 Mich App 65, 67; 176 NW2d 723 (1970). Further, an amendment must not cause unacceptable prejudice to the defendant through "unfair surprise, inadequate notice, or insufficient opportunity to defend." *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993).

Here, it is patent that the purpose of the amendment of the information was solely to add a new

offense. Defendant was first charged with making a false report of a felony to the police. She waived preliminary examination on that charge, which conferred jurisdiction on the circuit court and authorized the prosecutor to file an information. MCL 767.42(1); *Hunt, supra* at 362-363. Because the elements of the charged offense are completely different from the elements of the added charge of perjury in a court proceeding, MCL 767.76 is inapplicable.

But MCR 6.112(H)[1] provides, in relevant part:

> The court before, during, or after trial may permit the prosecutor to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant.

Our Supreme Court in *Goecke, supra* at 459-460, held that the rules of criminal procedure adopted existing law in 1989, including the law that a trial court may amend an information at any time before, during, or after trial, MCL 76.67, unless to do so " 'would unfairly surprise or prejudice the defendant,' " quoting MCR 6.112(G), now MCR 6.112(H). Although the Court found it unnecessary to find the court rule inconsistent with the statute, the Court noted that as a rule of procedure, the court rule superseded the statute. *Id.* at 460 and n 18, citing MCR 6.001(E).

In *Goecke*, the trial court granted the prosecutor's motion to add the offense of second-degree murder to the original information, although the magistrate had refused to bind defendant over to the circuit court on the charge. *Id.* at 450. The Court held that MCR

---

[1] The rule was relettered from MCR 6.112(G) to MCR 6.112(H) effective October 3, 2000. 463 Mich clviii.

6.112(G) authorized the circuit court to review the magistrate's bindover decision upon motion of the prosecutor to amend the information. *Goecke, supra* at 458. The Court noted that the circuit court obtained jurisdiction when the magistrate filed a return with the circuit court on some of the charges following the preliminary examination. *Id.* at 458-459. Having concluded the circuit court had jurisdiction, the Court opined that the only legal obstacle to amending the information to reinstate the second-degree murder charge was whether the amendment would cause undue prejudice to the defendant because of " 'unfair surprise, inadequate notice, or insufficient opportunity to defend.' " *Id.* at 462, quoting *Hunt, supra* at 364. But the Court held that "[w]here a preliminary examination is held on the very charge that the prosecution seeks to have reinstated, the defendant is not unfairly surprised or deprived of adequate notice or a sufficient opportunity to defend at trial . . . ." *Id.* The Court noted that a defendant's rights are protected because the circuit court's review is limited to whether the magistrate abused its discretion, and the circuit court may not substitute its judgment for that of the magistrate. *Id.* Because the prosecutor presented sufficient evidence at the defendant's preliminary examination to support a bindover on second-degree murder, the magistrate abused its discretion by not binding over the defendant for trial on that charge. *Id.* at 469-471. Accordingly, the trial court properly granted the prosecutor's motion to amend the information. *Id.* at 473.

Our Supreme Court's decision in *Goecke, supra,* was presaged by its decision in *Hunt, supra,* where the Court held that an information is not restricted to

the charges contained within the complaint and warrant, but rather is presumed to have been framed with reference to the facts presented at the preliminary examination. *Id.* at 363. As in *Goecke*, the *Hunt* Court concluded that no unfair surprise, inadequate notice, or insufficient opportunity to defend exists when the elements of both the charged offenses and an offense the prosecutor moves to add at the end of the preliminary examination, are shown by testimony. *Hunt, supra* at 365.

Here, no preliminary examination occurred; therefore, the magistrate had no evidence to support a bindover. Further, although both making a false police report of a felony and perjury in a court proceeding involve false statements, the elements of each offense clearly differ and require different proof. Each offense might require preparation of a different defense strategy. Because the prosecutor did not move to amend the information until the first day of trial, the record supports defendant's claim of surprise. But it is apparent that defendant suffered no actual prejudice.

In *People v Adams*, 202 Mich App 385; 509 NW2d 530 (1993), this Court considered a trial court's instruction to a jury on an uncharged cognate lesser offense of receiving and concealing stolen property, MCL 750.535, as an effective amendment of the information, which charged only breaking and entering a building with intent to commit larceny, MCL 750.110. The *Adams* Court concluded that the amendment prejudiced the defendant because it came after the proofs were closed and the defense had no opportunity to adjust its defense strategy. The Court opined:

We conclude that where, as here, the charged offense and the offense sought to be added are dissimilar in their elements, such late notice of the prosecutor's intent to seek an instruction on the lesser offense is inadequate. Where offenses are dissimilar, with the focus being on different factual elements, the defendant may well prepare his defense, including the cross-examination of prosecution witnesses, in an entirely different manner for the lesser offense than he would for the greater offense. However, once the trial is completed, or even nearly completed, it is difficult, if not impossible, for the defendant to adjust his trial strategy to encompass the newly added offense. *Had the prosecutor notified defendant before the opening of proofs that he would also seek an instruction on receiving and concealing stolen property, that may well have been entirely adequate notice to allow the trial court to grant a request for such an instruction,* particularly if the trial court were generous in granting any request by defense counsel for a continuance to allow for any additional preparation necessary for the changed character of the trial to come. In the case at bar, however, that notice simply came too late. [*Adams, supra* at 391 (emphasis added).]

In this case, counsel protested that he had prepared to defend the charge of making a false police report of a felony, that he was surprised by the prosecutor's motion, and that he had not received a transcript of defendant's preliminary examination testimony. Counsel also noted that the prosecutor sought to add a new charge for which a preliminary examination had not been held, but counsel did not request that the case be remanded to the district court for a preliminary examination. Further, defendant argued that the proposed amendment would prejudice her, but did not specify how, nor did she request a continuance. Counsel noted that an added alternative charge of perjury would put defendant "in a box" because defendant's exculpatory testimony regarding one

charge would likely be incriminating with regard to the other. Nonetheless, defendant did not articulate below and fails to articulate on appeal how added time to prepare, or a preliminary examination on the added charge, would have benefited the defense.

In sum, defendant failed to establish *"unfair* surprise or prejudice." MCR 6.112(H). Consequently, defendant has not established that the trial court abused its discretion by granting the prosecutor's motion. Moreover, even if the trial court abused its discretion, the error does not warrant reversal because defendant has not established that the error relating to "pleading or procedure . . . resulted in a miscarriage of justice," MCL 769.26, or was "inconsistent with substantial justice," MCR 2.613(A). See also *People v Libbett,* 251 Mich App 353, 357; 650 NW2d 407 (2002) (insufficient evidence at the preliminary examination to support a bindover is rendered harmless by the presentation at trial of sufficient evidence to convict). Defendant simply has not shown that the alleged error undermined the reliability of the verdict so as to warrant reversal. *People v Lukity,* 460 Mich 484, 494-495; 596 NW2d 607 (1999).

### III. THE STATUTORY RIGHT TO A PRELIMINARY EXAMINATION

#### A. STANDARD OF REVIEW

The interpretation of a statute is a question of law subject to review de novo. *Chavis, supra* at 91.

#### B. ANALYSIS

Defendant argues that she was denied her right to a preliminary examination when the trial court granted

the prosecutor's motion to amend the information to add the offense of perjury. This Court has noted that if an information is amended to add a new charge "there may be a possible violation" of a defendant's right to a preliminary examination. *Jones, supra* at 5. The *Jones* Court cited two cases, *Weathersby, supra,* and *Price, supra,* on which defendant also relies. In one case, although an indictment was amended, no new charges were added, so the defendant's right to a preliminary examination was not violated.[2] *Weathersby, supra* at 104.

In the other case, the information was not amended before trial, but the trial court instructed the jury regarding the offense of receiving and concealing stolen property. The Court viewed this instruction as effectively amending the information that charged only breaking and entering. *Price, supra* at 650. The *Price* panel opined that amending an information to add a different offense "may also violate the defendant's statutory right to receive a preliminary examination." *Id.* at 653. The Court quoted *People v Monick,* 283 Mich 195, 199; 277 NW 883 (1938), which held that " 'the jurisdiction of the circuit court is limited to the crimes included within the return of the examining magistrate,' " *Price, supra* at 653, and concluded that the circuit court did not acquire jurisdiction over the added offense. *Id.* at 655. But our Supreme Court has since held that a trial court has jurisdiction to amend an information to reinstate charges a magistrate dismissed. *Goecke, supra* at 459, 473. Also, this Court held in *People v Fortson,* 202 Mich App 13; 507

---

[2] Our Supreme Court subsequently held that an indicted accused does not have a right to a preliminary examination, *Glass, supra* at 283, which overruled *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972).

NW2d 763 (1993), that a charge of possession of a firearm during the commission of a felony could be added to an information by amendment. While testimony at a preliminary examination supported the additional charges in *Goecke, Fortson,* and *Hunt, supra,* a logical extension of these cases permits the amendment at issue in this case despite the lack of a preliminary examination.

An accused does not have a constitutional right to a preliminary examination, a procedure established by the Legislature, MCL 766.1 *et seq.,* and recognized by court rule, MCR 6.110(A). *Hall, supra* at 603; *People v Johnson,* 427 Mich 98, 103-104; 398 NW2d 219 (1986). Where a criminal prosecution is initiated by the filing of an information rather than by indictment, the accused has a statutory right to a preliminary examination. MCL 766.1; *Glass, supra* at 277. The right to a preliminary examination is more than a matter of procedure. *Id.* at 282. The magistrate's bindover to the circuit court, after a preliminary examination or a defendant's waiver of an examination, authorizes the prosecutor to file an information. MCL 767.42(1); *Hunt, supra* at 362. Indeed, it is the filing of the magistrate's return, following an examination or waiver by the defendant, that confers jurisdiction on the circuit court. Our Supreme Court explained:

> In personam jurisdiction is vested in the circuit court upon the filing of a return of the magistrate before whom the defendant waived preliminary examination, *In re Elliott,* 315 Mich 662, 675; 24 NW2d 528 (1946), or "before whom the defendant had been examined." *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 119; 215 NW2d 145 (1974). Having once vested in the circuit court, personal jurisdiction is not lost even when a void or improper infor-

mation is filed. *In re Elliott, supra* at 675. [*Goecke, supra* at 458-459.]

Although a preliminary examination may assist in fulfilling the constitutional requirement that the accused be informed of the nature of the charge, *Johnson, supra* at 104, the primary function of a preliminary examination "is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it." *Glass, supra* at 277. Thus, a preliminary examination "primarily serves the public policy of ceasing judicial proceedings where there is a lack of evidence that a crime was committed or that the defendant committed it." *Johnson, supra* at 104-105.

Here, it is undisputed that defendant waived her right to a preliminary examination regarding the charge of making a false police report of a felony, MCL 750.411a(1)(b). Upon filing of the return by the magistrate, the prosecutor was authorized to file an information, *Johnson, supra* at 105, and the circuit court obtained jurisdiction over defendant and the case, *Goecke, supra* at 458-459. "Had no return been filed, the circuit court would not have acquired jurisdiction over the case or the accused." *Id.* at 459. Having acquired jurisdiction over defendant and the case, MCR 6.112(H) authorized the circuit court to amend the information "before, during, or after trial . . . unless the proposed amendment would unfairly surprise or prejudice the defendant." As discussed above, the record does not establish *unfair* surprise or *prejudice.* In light of her conviction, defendant does not and cannot contend that the prosecutor would not have been able to establish the crime of perjury, or probable cause to believe defendant committed the

crime. The record also establishes that defense counsel understood the nature of the charge, and defendant suggests nothing that counsel might have done differently had he been given additional time to prepare or had a preliminary examination been conducted. Accordingly, the trial court did not abuse its discretion by amending the information to add a charge of perjury.

Even assuming that the trial court erred by amending the information in violation of defendant's statutory right to a preliminary examination, the error was harmless. "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case . . . for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26. Although defendant would not have been convicted of a crime if the charge of perjury had not been added to the information, defendant has not established that her trial was otherwise unfair, or that the verdict is unreliable because the information was amended. *Lukity, supra* at 494-495; *Hall, supra* at 602-603, 613.

In *Hall, supra,* our Supreme Court considered whether a new trial was warranted where it was conceded that the bindover was based on inadmissible evidence. *Id.* at 600-601. The Court concluded that the Legislature, which created the preliminary examination procedure, also intended that a conviction not be reversed on the basis of harmless error. *Id.* at 603, MCL 769.26. Among the decisions the Court relied on was *United States v Mechanik,* 475 US 66, 106 S Ct

938; 89 L Ed 2d 50 (1986), which held that error in grand jury proceedings "was harmless when measured by a standard which requires a showing that the error prejudicially affected the *outcome of the* trial." *Hall, supra* at 607. The *Hall* Court further noted that "if the federal standard were to be applied in this case, the nonconstitutional error assigned by defendant would not be ground for reversal in the absence of a showing that the error prejudiced the outcome of his subsequent trial." *Id.* at 608-609. Our Supreme Court agreed with the United States Supreme Court and with state courts that have held that automatic reversal is not warranted on the basis of an error at a preliminary examination. *Id.* at 611. Rather, MCL 769.26 must be applied to errors alleged at the preliminary examination. *Id.* at 613. "To require automatic reversal of an otherwise valid conviction for an error which is harmless constitutes an inexcusable waste of judicial resources and contorts the preliminary examination screening process so as to protect the guilty rather than the innocent." *Id.* at 614. Thus, under *Hall,* an error in the preliminary examination procedure must have affected the bindover and have adversely affected the fairness or reliability of the trial itself to warrant reversal. *Yost, supra* at 124 n 2; *Lukity, supra* at 494-495.

Because this defendant's conviction was based on proof beyond a reasonable doubt, we can surmise that had a preliminary examination been conducted, defendant would have been bound over to circuit court for trial since the lesser standard of probable cause is used at preliminary examination. Because defendant has not established that the amended information otherwise affected the fairness of the trial or

the reliability of the verdict, the alleged error, if any, in amending the information was harmless error relating to "pleading or procedure" that did not "[result] in a miscarriage of justice." MCL 769.26. See also *Hall, supra* at 606-607, citing and quoting *Mechanik, supra* at 70-71.

### IV. DUE PROCESS

#### A. STANDARD OF REVIEW

Constitutional issues are reviewed de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

#### B. ANALYSIS

No person may be deprived of life, liberty, or property without due process of law. US Const, Am V; Const 1963, art 1, § 17; *People v Bearss*, 463 Mich 623, 629; 625 NW2d 10 (2001). In a criminal case, due process generally requires ¡ reasonable notice of the charge and an opportunity to be heard. *In re Oliver*, 333 US 257, 273; 68 S Ct 499; 92 L Ed 682 (1948). "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense—a right to his day in court—are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel." *Id.* "Lack of adequate notice violates a defendant's right to due process and mandates reversal." *People v Darden*, 230 Mich App 597, 601; 585 NW2d 27 (1998). But the constitutional notice requirement is not an abstract legal technicality; it "is a practical requirement that gives effect to a defendant's

right to know and respond to the charges against him." *Id.* So, to establish a due process violation, a defendant must prove prejudice to his defense. *Id.* at 602-603. Whether an accused is accorded due process depends on the facts of each case. *In re Meissner*, 358 Mich 696, 698; 101 NW2d 243 (1960).

In *People v Cheff*, 37 Mich App 1, 4; 194 NW2d 401 (1971), a case analogous to the instant case, the defendant claimed that his right to due process was violated when, on the day scheduled for trial, the prosecutor elected to proceed on one of four informations filed against him. The defendant moved for a continuance, claiming lack of "reasonable notice necessary for him to adequately prepare and defend against [the] specific charge elected for trial." *Id.* at 5. The trial court denied the defendant's request for a continuance. But because of the manner in which the prosecutor presented his case and various adjournments, the trial lasted six days, "during which counsel had further opportunity to prepare." *Id.* Defense counsel had informed the trial court before the trial started that he understood the charges and was prepared, so this Court concluded that the defendant had not been denied due process. *Id.* at 5-6. Further, because the defendant had not shown good cause, this Court determined that the trial court had not abused its discretion in denying a continuance. *Id.* at 6-7.

Defendant contends that amending the information on the first day of trial denied her due process of law because she had inadequate notice and time to prepare a defense. Defendant's reliance on cases addressing instructing the jury on uncharged lesser offenses is misplaced. Here, the information was

amended to add perjury *before* the jury was sworn and before any proofs were taken. This Court has suggested that notice to a defendant of an added charge before the presentation of proofs may well be adequate. *Adams, supra* at 391.

Defendant does not claim that the amended information was insufficient to invoke the constitutional protection against double jeopardy or to apprise defendant of the nature of the charges. *Weathersby, supra* at 101. Further, the record makes clear that defense counsel understood the amended charges. Although counsel argued that he had prepared for a trial on the false police report charge, he did not claim to be unprepared to try the added charge of perjury. In fact, counsel moved to suppress the transcript of defendant's testimony that formed the basis of the perjury charge and had a witness available to testify. Defense counsel never requested a continuance or a remand for a preliminary examination, and did not claim that he needed more time to prepare. During the trial, defendant testified and presented the testimony of her boyfriend, Phillips, in defense. Similar to *Cheff, supra,* jury selection and the presentation of proofs lasted just two days, but the trial was then adjourned for five days before closing arguments. Defendant made no claim that additional necessary witnesses were unavailable or that her defense might have been different given additional time to prepare. Our Supreme Court concluded in *Hunt, supra,* that "where the elements of both offenses [were] shown [at the preliminary examination] and the defendant has not suggested anything that his attorney would have done differently, we are unpersuaded that there was *unfair* surprise, *inadequate*

notice, or an *insufficient* opportunity to defend against [the added charges]." *Id.* at 365 (emphasis in original). The record here establishes that defense counsel understood the charges. Defendant has not established actual prejudice, or explained what different defense would have been presented. In sum, defendant has not established that she had an inadequate opportunity to prepare her defense. Defendant's due process claim must fail because she has not established prejudice resulting from inadequate notice and opportunity to defend the charges. *Darden, supra* at 603; *Cheff, supra* at 6.

### V. CONCLUSION

In summary, we hold that the trial court possessed jurisdiction to amend the information. Moreover, in light of defendant's subsequent conviction, any error in failing to conduct a preliminary examination does not warrant reversal because defendant has not shown that the alleged error affected the trial. We also conclude that defendant was not denied due process of law. Accordingly, we affirm defendant's conviction and sentence.

WILDER, J., I concur in result only.