# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 10, 2016

v

ALOEL JAMES DEIT CHOL DENG,

        Defendant-Appellant.

No. 324816
Kent Circuit Court
LC No. 14-002366-FH

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted of first-degree home invasion, MCL 750.110a(2), after a jury trial, and was sentenced to 3 to 20 years' imprisonment. She appeals as of right. We affirm.

At defendant's first trial, the jury was deadlocked, and the trial court attempted to answer the jury's questions. When the jury asked whether it should consider breaking the window and entering the house to be two separate incidents or one continuous occurrence, the trial court instructed the jury that it was one occurrence. The jury remained deadlocked, and the trial court declared a mistrial. Defendant was retried and convicted. This appeal followed.

First, defendant argues that her constitutional right against double jeopardy was violated because she only consented to the mistrial because the trial court's instructions to the jury caused the mistrial, and if it were not for the instructions, she would have been acquitted. Defendant's unpreserved double jeopardy claim is reviewed for plain error. *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130, (1999).

Both the United States and the Michigan constitutions protect a defendant from being placed in jeopardy twice for the same offense. US Const, Am V; Const 1963, art 1, § 15. A retrial is not barred on double jeopardy grounds when a defendant consents to a mistrial, unless the prosecutor engaged in conduct that was intended to provoke the defendant into requesting a mistrial. *People v Lett*, 466 Mich 206, 215; 644 NW2d 743 (2002). Where a defendant consents to a mistrial and where "the mistrial was caused by innocent conduct of the prosecutor or judge," retrial is generally allowed. *People v Dawson*, 431 Mich 234, 253; 427 NW2d 886 (1988). A

-1-

retrial is also not barred where the mistrial is caused by manifest necessity. *Lett*, 466 Mich at 215.

Here, the retrial was not barred on double jeopardy grounds. The trial court asked if defendant objected to a mistrial, and defendant had no objection. There is nothing in the record to indicate that the prosecution intended to provoke defendant into consenting to a mistrial and nothing in the record to show that defendant's consent was insincere. Further, the trial court's instructions, even if erroneous, did not bar retrial. There is no evidence, and defendant does not argue, that the instructions were given in bad faith or were anything but "innocent." Even if the mistrial was caused by the trial court's instructions, double jeopardy did not bar retrial because the trial court's alleged error was innocent and because defendant consented to the mistrial. *Dawson*, 431 Mich at 253.

Moreover, the mistrial was a result of manifest necessity. The jury deliberated for around 3 hours and 15 minutes before it sent its first note that it was unable to reach a verdict. The court gave deadlocked jury instructions and repeatedly attempted to answer the jury's questions, but the jury remained deadlocked. A trial judge may terminate the first trial and retry the defendant due to manifest necessity when the jury fails to agree on a verdict. See *People v Rutherford*, 208 Mich App 198, 202; 526 NW2d 620 (1994); see also *Lett*, 466 Mich at 219. "The trial judge's decision to discharge a jury when he concludes that it is deadlocked is entitled to great deference." *Id*. Accordingly, because manifest necessity required a mistrial, defendant's retrial was proper and did not violate the protections against double jeopardy.

Next, defendant argues that the trial court abused its discretion when it allowed the prosecution to amend the information to include an additional charge of first-degree home invasion on the day before defendant's first trial.[1]

This Court reviews for an abuse of discretion a trial court's decision on a motion to amend an information. *People v Russell*, 266 Mich App 307, 317; 703 NW2d 107 (2005). An abuse of discretion exists when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). In Michigan, the information may be amended at any time before, during, or after a trial, unless the amendment would "unfairly surprise or prejudice the defendant." MCR 6.112(H); see also *Russell*, 266 Mich App at 317. In determining whether an amendment to the information would be unacceptable, a court must consider whether the amendment would cause unfair surprise, provide inadequate notice, or result in an insufficient opportunity to defend. *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993).

Defendant has not demonstrated that she suffered any prejudice as a result of the amended notice. Defendant had adequate time to respond to the additional charge. The amended notice was filed on July 14, 2014, and defendant's second trial did not occur until August 26, 2014. This means that defendant was on notice of the amended information for

---

[1] Defendant was originally charged with third-degree home invasion, 750.110a(4).

approximately six weeks before her second trial. There is nothing on the record to indicate that defendant requested a continuance or a remand for a preliminary examination, or claimed that she needed more time to prepare. Further, defendant has not suggested anything that her attorney would have done differently had the first-degree home invasion charge been included on the original information, or articulated how her defense would have benefitted from additional time to prepare. *People v McGee*, 258 Mich App 683, 693; 672 NW2d 191 (2003). Therefore, we find no basis for reversal.

Similarly, defendant argues that her constitutional right to notice was violated. See, generally, *People v Darden*, 230 Mich App 597, 602; 585 NW2d 27 (1998). To demonstrate that her right to due process has been violated, defendant was required to establish that her defense was prejudiced. *McGee*, 258 Mich App at 699-700. The test for denial of due process depends on the facts of each case. *Id*. For the reasons outlined above, defendant has failed to show that she was prejudiced by the amended information. As such, her constitutional claim fails.

Defendant also argues that she was denied her statutory right to a preliminary examination on the amended information. *Id*. at 695; MCL 766.13. "The primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it." *People v Glass*, 464 Mich 266, 277; 627 NW2d 261 (2001). As in *McGee*, 258 Mich App at 698, "[b]ecause this defendant's conviction was based on proof beyond a reasonable doubt, we can surmise that had a preliminary examination been conducted, defendant would have been bound over to circuit court for trial since the lesser standard of probable cause is used at preliminary examination." *McGee*, 258 Mich App at 698. Further, defendant has failed to establish that her trial was unfair or that the amended information made the verdict unreliable. Therefore, the trial court's decision has not "resulted in a miscarriage of justice." MCL 769.26; see also *McGee*, 258 Mich App at 698-699. Accordingly, reversal is not warranted.

Finally, defendant argues that there was insufficient evidence to convict her of first-degree home invasion, because she had permission to be in the house. A challenge to the sufficiency of the evidence requires this Court to view the evidence de novo in the light most favorable to the prosecution and determine whether any reasonable juror would be warranted in finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175, 177; 804 NW2d 757 (2010).

To convict defendant, the prosecution was required to prove, in the context of this case, that (1) defendant broke and entered a dwelling or entered a dwelling without permission; (2) defendant intended when entering to commit an assault in the dwelling, or at any time while entering, present in, or exiting the dwelling committed an assault; and (3) while entering, present in, or exiting the dwelling, another person was lawfully present in the dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010); MCL 750.110a(2). MCL 750.110a(1)(c) defines "without permission" to mean "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling."

Viewed in the light most favorable to the prosecution, the testimony in this case was sufficient to enable a reasonable jury to find beyond a reasonable doubt that defendant did not

have permission to enter the victim's home. Although the victim testified that defendant planned to stay at the victim's house that weekend and had left a bag of personal items at the house, she also testified that, upon arriving at the house with defendant, she went in the house and locked the door. The victim did not allow defendant inside, even though she could hear defendant yelling outside, asking for the door to be opened. Defendant kicked the door to attempt to open it, and when that did not work, she broke the window and evidence supported that she climbed in that way. The victim testified specifically that defendant did not have permission to enter the home through the window. Evidence supported that, once inside, defendant grabbed the victim's hair and kicked her. A rational jury could conclude from this testimony that defendant did not have permission to enter the home. Because a rational jury could find that defendant entered the victim's home without permission while the victim was lawfully present and committed an assault while inside, the evidence was sufficient to prove defendant committed first-degree home invasion.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan