*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 20, 2023

Plaintiff-Appellant,

v

No. 363205
Wayne Circuit Court

HAROLD STEVEN LIVINGSTON,

LC Nos. 21-005539-01-FC;
21-005540-01-FC;
21-006523-01-FC[1]

Defendant-Appellee.

Before: GARRETT, P.J., and K. F. KELLY and HOOD, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[2] the trial court's order denying its pretrial motion to amend the information. On appeal, the prosecution argues that the trial court abused its discretion when denying this motion because the proposed amendments would merely correct errors in the charges and would not unfairly surprise or prejudice defendant. We agree, and therefore, reverse.

## I. BACKGROUND

This case arises from allegations that defendant, Harold Steven Livingston, sexually assaulted his two biological daughters, JL and CL (collectively, "the complainants"), over a period of roughly nine years. JL was born in December 1993, and CL was born in January 1992.

---

[1] For ease of reference, we will refer to these trial court case numbers as follows: Case Nos. 21-5539, 21-5540, and 21-6523.

[2] See *People v Livingston*, unpublished order of the Court of Appeals, entered October 3, 2022 (Docket No. 363205).

Accordingly, as relevant to this appeal, JL turned 13 years old in December 2006, and CL in January 2005.

In 2020, the prosecution charged Livingston in three criminal complaints. First, in Case No. 21-5539, the prosecution charged Livingston with two counts of first-degree criminal sexual conduct (CSC-I) with a related victim 13 to 15 years old, MCL 750.520b(1)(b).[3] The charges in 21-5539 related to alleged assaults against CL that the prosecution alleged occurred at a specific location in Garden City, Michigan, between roughly 2006 and 2008.

Contemporaneously, in Case No. 21-5540, the prosecution charged Livingston with eight counts of CSC-I with a related victim 13 to 15 years old, four counts of second-degree criminal sexual conduct (CSC-II) with a related victim 13 to 15 years old, MCL 750.520c(1)(b), and two counts of child sexually abusive activity, MCL 750.145c(2). The charges in 21-5540 relate to alleged assaults against JL and are alleged to have occurred during the same timeframe and at the same location as the allegations against CL in Case No. 21-5539.

Finally, in December 2020, in Case No. 21-6523, Livingston was charged with 25 counts of CSC-I with a related victim 13 to 15 years old, two counts of CSC-I with a person under 13, MCL 750.520b(1)(a), two counts of CSC-II with a person under 13, MCL 750.520c(1)(a), and six counts of child sexually abusive activity. The charges in Case No. 21-6523 related to both CL and JL at an address in Wayne, Michigan between approximately 1999 and 2006. The information identifies which counts correspond to which complainant.

There were two preliminary examinations in August 2021. First, the 29th District Court held a preliminary examination in Case No. 21-6523 for the Wayne charges. JL testified to 21 specific incidents of criminal sexual conduct that appear to correspond to 21 of CSC-I charges that the district court bound over in Case No. 21-6523. Though she did not provide specific dates, JL testified to 21 specific assaults in addition to numerous other assaults that she testified happened but that she could not remember. CL's testimony largely corroborated JL's. Relevant to this appeal, the testimony described assaults at a residence JL and CL shared with Livingston in Wayne until just before or just after JL turned 13 years old.

The next day, the 21st District Court held a joint preliminary examination in Case Nos. 21-5539 and 21-5540 for the Garden City charges. JL testified to specific incidents of criminal sexual conduct, and CL corroborated her testimony. Critically, the testimony described specific assaults that occurred at a location in Garden City, where they lived with Livingston for two years after leaving Wayne. According to their testimony JL would have turned 13 just before the move to Garden City.

---

[3] As relevant here, the following relations apply for this type of CSC-I offense: the actor "is a member of the same household as the victim," MCL 750.520b(1)(b)(i), or "is related to the victim by blood or affinity to the fourth degree," MCL 750.520b(1)(b)(ii). While the charging documents only cited MCL 750.520b(1)(b) generally, each count strictly alleged, using the language MCL 750.520b(1)(b)(ii), that defendant was related to the victims by blood or affinity.

Following the complainants' testimony and the parties' closing arguments in each preliminary examination, the district courts bound defendant over to the circuit court on 21 counts of CSC-I in Case No. 21-6523, two counts of CSC-I in Case No. 21-5539, and seven counts of CSC-I in Case No. 21-5540.[4]  Neither district court specified the applicable variables for these counts.[5]

The trial court held an arraignment on the information in all three lower court cases. Livingston waived a formal reading of the information in each case.  A formal reading of the information would have stated on the record the charges and their associated penalties.

In early 2022, the prosecution moved to consolidate Livingston's three cases.  In February 2022, the circuit court denied the motion to consolidate.  It later granted the prosecution's motion to reconsider and consolidated Livingston's three cases for trial, effectively merging the 30 counts from three amended informations filed after bindover.  This included to two counts of CSC-I with a related victim 13 to 15 years old in Case No. 21-5539, seven counts of CSC-I with a related victim 13 to 15 years old in Case No. 31-5540, and 21 counts of CSC-I with a related victim 13 to 15 years old in Case No. 216523, all contrary to MCL 750.520b(1)(b).

In September 2022, the prosecution moved to amend the informations.  The prosecution requested that the trial court allow it to amend all 30 of the CSC-I charges to include the multiple variables, under both MCL 750.520b(1)(a) and (b), that defendant committed the alleged assaults *either* against a victim under 13 *or* a member of the same household who was 13 to 15 years old. The prosecution then amended its motion, arguing for one more change regarding the nature of the assault perpetrated for one of the counts (from genital to oral penetration).  Although the proposed amendments would include penetrative sex acts against individuals under 13, it would not otherwise enhance the penalties because the alleged dates of the offense reference pre-2008 amendments to the CSC-I statute.[6]

The defense responded in opposition, making three essential arguments.  First, Livingston argued that the amendment deprived him of his right to a preliminary examination.  Second, he argued that the amendments potentially changed the venue where the alleged offenses occurred (from Wayne to Garden City or Garden City to Wayne).  Third, he argued that the amendment deprived him of his right to a defense because it broadened the already temporally-expansive

---

[4] The prosecution dropped the various charges of CSC-II and child sexually abusive activity because they were outside the period of limitations.

[5] It is unclear why, in Case No. 21-6523, Livingston was only bound over on 25 CSC-I counts despite the initial charges identifying 27 such counts.  Likewise, for the similar numerical discrepancy in Case No. 21-5540.  Nevertheless, these discrepancies are not at issue in this appeal.

[6] In 2007, the Legislature amended MCL 750.520b to include a 25-year mandatory minimum sentence for penetrative sex acts by an individual 17 years of age or older against an individual less than 13 years of age.  See 2007 PA 163, effective July 1, 2008.  Because of the dates alleged in the information and motion to amend, the prosecution's motion did not seek these enhanced penalties.  The prosecution attached the relevant versions of the statute to its motion.

charges, so as to make it impossible to defend based on the specifics of the complainants' prior testimony.

At a hearing on the prosecution's motion to amend, the prosecution clarified that it was seeking not just the addition to each CSC-I count of the victim-under-13 variable pursuant to MCL 750.520b(1)(a), but also for the charges under MCL 750.520b(1)(b) (the 13-to-15-year-old-victim variable) to include that defendant *either* was a member of the same household as the victims under MCL 750.520b(1)(b)(i), or is related to the victims by blood or affinity to the fourth degree under MCL 750.520b(1)(b)(ii)—and for the ages of the victims to be amended to generally state they were under 16 years old at the relevant times; the prosecution also sought to consolidate the separate informations from the three lower court cases.

The trial court denied the motion to amend the information. It stated that it "may, not must, may permit the People to amend Information." Although the court denied the prosecution's pretrial request to amend the information(s), it stated, "If during, or after the testimony at trial the Information needs to be amended then the People can make such motion at that time in support of the evidence that's on the record." The prosecution moved for reconsideration in the trial court, which the court denied.

This appeal followed. In conjunction with granting the prosecution's application for leave to appeal, this Court, on its own motion, stayed the lower court proceedings pending final resolution of this appeal or further Court order. *People v Livingston*, unpublished order of the Court of Appeals, entered October 3, 2022 (Docket No. 363205).

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion to amend an information. *People v Spencer*, 320 Mich App 692, 697; 909 NW2d 17 (2017). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *Id.*

## III. LAW AND ANALYSIS

The prosecution argues that the trial court abused its discretion when denying its motion to amend the information because the proposed amendments would merely correct errors in the charges and would not unfairly surprise or prejudice defendant. We agree.

"The court before, during, or after trial may permit the prosecutor to amend the information . . . unless the proposed amendment would unfairly surprise or prejudice the defendant." MCR 6.112(H); *Spencer*, 320 Mich App at 699. "A new offense [generally] may not be added to an information by a motion to amend." *People v McGee*, 258 Mich App 683, 688; 672 NW2d 191 (2003). "Further, an amendment must not cause unacceptable prejudice to the defendant through unfair surprise, inadequate notice, or insufficient opportunity to defend." *Id.* (quotation marks and citation omitted). However, "where a preliminary examination is held on the very charge[(s)] that the prosecution seeks to have reinstated [or added], the defendant is not unfairly surprised or deprived of adequate notice or a sufficient opportunity to defend at trial . . .

." *Id*. at 690, quoting *People v Goecke*, 457 Mich 442, 462; 579 NW2d 868 (1998) (omission in original).

Here, the prosecution seeks to amend the information, which currently includes 30 counts of CSC-I under only MCL 750.520b(1)(b) generally (related victim 13 to 15 years old). The prosecution seeks to modify each count to also include to include the additional variable regarding assault of a victim under 13 pursuant to MCL 750.520b(1)(a). On its face, the amendment would clarify that the charges under MCL 750.520b(1)(b) are made under both MCL 750.520b(1)(b)(*i*) (victim is a member of same household) and MCL 750.520b(1)(b)(*ii*) (victim is related by blood or affinity).[7]

According to the prosecution, these amendments, particularly the addition of the variable for victims under 13, are necessary to correct errors in the information—specifically, that the age range of many of the alleged offenses (when, per their preliminary examination testimony, the victims were younger than 13) does not match that provided in the cited statutory subdivision under MCL 750.520b(1)(b) (victim 13 to 15 years old)—and to conform the charges to the proofs.

We agree. And we conclude that the trial court abused its discretion when denying the prosecution's amended motion to amend the information. See *Spencer*, 320 Mich App at 699-700 (concluding that a trial court abused its discretion when refusing to amend the information to add a charge that was supported by the preliminary examination testimony). Here, the prosecution is correct that its proposed amendments would not alter the charges of CSC-I or the key factual allegations. Livingston would be subject to the same 30 counts of CSC-I, just under additional, and more specifically cited, variables for those offenses (and the one change regarding the nature of the assault alleged in Count 5).

The additional variables do not enhance the potential penalties or impair Livingston's opportunity to defend. Rather, the added variables and change to Count 5 were, critically, consistent with the preliminary examination proofs. Specifically, the complainants testified to Livingston perpetrating numerous, specific instances of sexual assault—ranging from frequent oral sex to more isolated instances of vaginal and anal penetration, among other things—from when JL was roughly 5 to 13 years old, and CL roughly 7 to 15 years old. And this testimony was reasonably specific on the circumstances, locations, and timeframe of the various alleged assaults, while also providing that the complainants were related to Livingston and lived in the same home during the relevant periods.

Despite the incorrect citations in the informations, the critical facts therein—the number of assaults charged, the specific victims, their ages during the assaults, the locations of the assaults—have remained consistent. The prosecution relatedly notes that, despite the discrepancies on the underlying variables applicable, its amendments would not actually alter the charges themselves

---

[7] The prosecution only passingly references its proposed change to the nature of the assault alleged in Count 5 in two footnotes, briefly asserting that Livingston was already on notice of this allegation given the numerous instances of oral sex testified to at the first preliminary examination.

(apart from the single change regarding the nature of the assault in Count 5), with Livingston still facing 30 counts of CSC-I regardless of whether its proposed amendments are accepted.

Finally, the amendment does not result in prejudice or surprise for Livingston. Contrary to Livingston's argument, it does not add elements or affect venue. The Wayne charges still relate to conduct that occurred in Wayne, and the Garden City charges still relate to conduct that is alleged to have occurred in Garden City. The modification does not impact the believability of the complainant's testimony. Here, the prosecution is not seeking to amend the alleged dates or location. It seeks only to add a statutory citation that conforms the charging document to the proofs. It does not enhance the penalty or otherwise affect Livingston's defense.

For these reasons, the trial court should have granted the motion to amend. We reverse. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood