*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ZANETA SONJA MURPHY,

Defendant-Appellant.

UNPUBLISHED
May 12, 2026
12:05 PM

No.  373486
Oakland Circuit Court
LC No.  2024-289082-FH

Before:  BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Zaneta Murphy (hereinafter "defendant") appeals as of right her jury-trial convictions of assaulting or resisting a police officer, MCL 750.81d(1), and refusing fingerprinting, MCL 28.243a.  Defendant was sentenced to time served.  For the reasons set forth in this opinion, we affirm.

## I.  BACKGROUND

This appeal arises from defendant's conviction for assaulting a police officer during an arrest on warrants issued following her failure to appear for arraignment in a separate criminal proceeding.  Defendant, who was homeless at all relevant times, had previously been arrested for assault and for resisting or obstructing a police officer.  On that prior occasion, she was issued two citations specifying the charges but omitting the date of her scheduled arraignment.  Law enforcement officers informed defendant that a future court date would be provided.  Defendant subsequently discarded the citations in a trash receptacle as she exited the police station.  A summons was mailed to defendant's last known address but was returned as undeliverable due to her homelessness.  Defendant failed to appear for arraignment, resulting in the issuance of two arrest warrants.

Three months later, police were called because it was reported defendant was walking in a busy roadway and was almost struck by a vehicle.  Officers Robert Ronk and Joel Perry were dispatched, and defendant was arrested on the outstanding warrants.  Defendant was uncooperative and kicked Officer Ronk in the genitals.  After defendant was placed in a cell, she refused to be

fingerprinted. Defendant was charged with assaulting or resisting a police officer and refusing fingerprinting. The charges related to the original warrants were dismissed after defendant's arrest. Defendant was convicted and sentenced as stated above. This appeal then ensued.

## II. ANALYSIS

Defendant asserts that her convictions must be vacated on two grounds: (1) that the issuance of warrants for her arrest was predicated upon a violation of her procedural due process rights due to insufficient notice of the arraignment, and (2) that she lawfully resisted an unlawful arrest.

## A. PROCEDURAL DUE PROCESS

Defendant maintains that notice of the arraignment provided by mail was constitutionally deficient and thereby violated her due process rights. Issues of constitutional and statutory interpretation, as well as other questions of law, are reviewed de novo. *People v Gayheart*, 285 Mich App 202, 207, 776 NW2d 330 (2009). De novo review requires independent consideration without deference to the trial court's decision. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

The Fourteenth Amendment to the United States Constitution, as well as Const 1963, art 1, § 17 of the Michigan Constitution, collectively prohibit the deprivation of life, liberty, or property without due process of law. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998). In the context of criminal proceedings, procedural due process generally requires that a defendant be afforded reasonable notice of the charges and an opportunity to be heard and present a defense. *People v Mysliwiec*, 315 Mich App 414, 420; 890 NW2d 691 (2016). Fundamental to our jurisprudence is the right of a criminal defendant to reasonable notice of the charges and an opportunity to be heard in defense—the right to one's day in court. These core rights include, at minimum, the ability to confront adverse witnesses, to present evidence, and to have the assistance of counsel. *People v McGee*, 258 Mich App 683, 699; 672 NW2d 191 (2003). A deprivation of adequate notice constitutes a violation of due process and, accordingly, mandates reversal. *Id*.

However, the constitutional requirement of notice is not a mere technicality; rather, it operates as a substantive safeguard to ensure a defendant's ability to understand and respond to the charges. Accordingly, to prevail on a due process claim premised on lack of notice, a defendant must demonstrate prejudice to the defense:

> Defendant has not established actual prejudice, or explained what different defense would have presented. In sum, defendant has not established that she had an inadequate opportunity to prepare her defense. Defendant's *due process claim must fail because she has not established prejudice resulting from inadequate notice and opportunity to defend the charges. Id*. at 702. (internal citations omitted). (emphasis added).

Furthermore, this Court has held that the determination of whether due process has been afforded is fact specific. *Id*. at 699-700.

Here, defendant was charged with two misdemeanors. In such cases, MCR 6.615(A)(2) permits a citation to serve as both a sworn complaint and a summons to secure the defendant's initial appearance. Under MCR 6.102(C)(2)(c), service of a summons is effectuated by mailing a copy to the individual's last known address. Should a defendant fail to appear in response to a summons, the court is authorized to issue a bench warrant pursuant to MCR 6.103.

Defendant contends that her due process rights under the Fourteenth Amendment to the United States Constitution were infringed upon due to purportedly insufficient notice of the scheduled arraignment, which ultimately led to the issuance of arrest warrants. Upon review of the record, it is evident that defendant was personally served with two citations, each of which expressly set forth the nature of the charges pending against her and her obligation to appear in court. Service of these citations satisfied the requirements of due process by providing notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. "Personal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding." *Mullane v Central Hanover Bank & Trust Co*., 339 U.S. 306, 313; 70 S Ct 652; 94 L Ed 865 (1950). Additionally, defendant's decision to discard her citations in the police department's trash receptacle upon her departure does not vitiate the sufficiency of service or the adequacy of the notice provided. The law does not require actual receipt or subjective awareness of the information to establish proper notice; rather, the focus is on whether the method of service was reasonably calculated to inform. See *Dusenbery v. United States*, 534 U.S. 161, 170; 122 S Ct 694; 151 L Ed2d 597 (2002).

Moreover, defendant was afforded an opportunity, at the scheduled arraignment, to be heard and to present any defenses, thereby fulfilling the fundamental requirements of procedural due process. The citations themselves served as both sworn complaints and summonses pursuant to MCR 6.615(A)(2). In addition, law enforcement officers made further efforts to ensure notice by mailing a summons to the defendant's last known address, consistent with the procedures set forth in MCR 6.102(C)(2)(c). Although this mailing was returned as undeliverable, such additional efforts further demonstrate the reasonableness of the attempts to notify the defendant.

Defendant contests the applicability of *People v Darden*,[1] 230 Mich App 597, 602-603; 585 NW2d 27 (1998), which requires a showing of prejudice to establish a due process violation. While *Darden* considered whether a defendant in a first-degree murder prosecution received adequate notice to defend against a lesser-included offense, the requirement of prejudice articulated therein remains dispositive. *Id.* at 602 n 6. Defendant's reliance on *Jones v Flowers*, 547 US 220, 220; 126 S Ct 1708; 164 L Ed 2d 415 (2006)—a non-criminal property tax case from Arkansas—is unavailing. Defendant posits that *Jones* eliminates the need to show prejudice, referencing its holding that, when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to notify the property owner if practicable. This factual and legal context, however, is inapposite to the present criminal matter.

---

[1] This Court expressly referenced *Darden* in its analysis as set forth in the quotation from *McGee*, supra.

*Jones* does not address, nor displace, the necessity of demonstrating prejudice; in contrast, the *Darden* requirement is both directly applicable and persuasive in the present circumstances. Whereas *Jones* implicates civil property interests, the case at bar is criminal, and defendant received personal service of citations apprising her of the charges. *Darden* expressly conditions any claim of inadequate notice on a showing of prejudice. *Darden*, 230 Mich App at 602 n 6, citing *People v Traughber*, 432 Mich 208, 215; 439 NW2d 231 (1989). Defendant has not identified any cognizable prejudice arising from the alleged notice deficiency, and her failure to cite supporting legal authority constitutes abandonment of the issue. See *People v Ackerman*, 257 Mich App 434, 450; 669 NW2d 818 (2003). Accordingly, defendant's due process claim is devoid of merit.

Even assuming, arguendo, that a showing of prejudice is not a prerequisite, the record does not support a finding of a due process violation under these circumstances. Defendant was properly served with a summons and complaint, which clearly delineated the nature of the charges against her. She was explicitly notified that the court would subsequently communicate the date for her required appearance. Rather than respond appropriately, defendant disregarded this official notification and willfully discarded the summons and complaint.

Our Supreme Court's decision in *People v Dowdy*, 489 Mich 373, 376; 802 NW2d 239 (2011), is particularly instructive in assessing the obligations imposed upon individuals to comply with statutory requirements, irrespective of personal circumstances such as homelessness. In *Dowdy*, the Court rejected the argument that lack of a fixed address excuses compliance, emphasizing that the responsibility to update law enforcement with current contact information persists regardless of housing status. Although *Dowdy* addressed the requirements of the Sex Offender Registration Act (SORA), the underlying rationale—that statutory obligations are not abrogated by individual circumstances—applies with equal force here.

In the instant matter, defendant was unequivocally informed that a subsequent arraignment date would be provided, yet she failed to undertake any reasonable efforts to ascertain the status of her case, update her address, or otherwise remain apprised of her legal obligations, all while continuing to reside within the court's jurisdiction. Her contention that the dismissal of prior charges should bear on the present analysis is unconvincing, as those dismissals occurred only after her reapprehension on outstanding warrants, not due to any procedural deficiencies attributable to the prosecution or the court. Accordingly, defendant is not entitled to relief on this issue.

## B. RIGHT TO RESIST UNLAWFUL ARREST AND SUFFICIENCY OF THE EVIDENCE

Defendant asserts that her resistance to arrest was lawful on the grounds that the warrants issued for her arrest were obtained in violation of her due process rights. She contends that, as a result, she retained a lawful right to resist an illegal arrest. We acknowledge that a defendant may, under certain circumstances, lawfully resist an unlawful arrest. However, in the present case, as stated above, the record demonstrates that defendant's arrest was conducted pursuant to valid legal process. Therefore, no lawful right to resist the arrest existed at the time it occurred.

"We review constitutional issues de novo." *People v Pennington*, 240 Mich App 188, 191; 610 NW2d 608 (2000) (citation omitted). Also, "[t]his Court reviews de novo a challenge to the

sufficiency of the evidence supporting a conviction." *People v Parkinson*, 348 Mich App 565, 573; 19 NW3d 174 (2023). "On appeal, we must determine whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt." *People v Anderson*, 331 Mich App 552, 557-558; 953 NW2d 451 (2020) (citation omitted). "[T]he standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation and quotation marks omitted).

"[T]he right to resist unlawful arrests, and other unlawful invasions of private rights, is well established in our state's common law." *People v Moreno*, 491 Mich 38, 46-47; 814 NW2d 624 (2012) (citation and emphasis omitted).

> In explaining the common-law right to resist an unlawful arrest, this Court has stated that one may use such reasonable force as is necessary to prevent an illegal attachment and to resist an illegal arrest and that the basis for such preventive or resistive action is the illegality of an officer's action, to which a defendant immediately reacts. [*Id*. at 47.]

Our Supreme Court has made clear that MCL 750.81d, which criminalizes resisting or obstructing a police officer, does not eliminate the longstanding common-law right of an individual to resist an unlawful arrest. *People v Moreno*, 491 Mich 38, 57 (2012). The lawfulness of an arrest is typically a question of law for judicial determination; however, when the lawfulness of an arrest constitutes an element of the charged offense, that question is properly reserved for the factfinder—here, the jury. *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014). In accordance with the common law, the prosecution bears the burden of proving—beyond a reasonable doubt—that law enforcement officers acted lawfully in the course of an arrest under MCL 750.81d. *Moreno*, 491 Mich at 51-52. Further, the Fourth Amendment requires that seizures, including arrests, are reasonable only when supported by probable cause. *Quinn*, 305 Mich App at 492. Pursuant to MCL 764.15(e), a peace officer is authorized to effectuate an arrest upon receiving positive information from any authoritative source, whether written, electronic, or otherwise, indicating that a warrant for the individual's arrest exists.

As previously discussed, there is no merit to the assertion that defendant's due process rights were infringed. The record reflects that the warrants underlying defendant's arrest were valid and operative at the time of apprehension. Officer Ronk executed the arrest solely on the basis of these outstanding warrants. Under the authority of MCL 764.15(e), Officer Ronk possessed probable cause, derived directly from the existence of the warrants, and accordingly, the arrest was lawful. Had the arrest lacked legal justification, the defendant's resistance could have been excused under Michigan law. See *People v Murawski*, 349 Mich App 296, 316; 27 NW3d 673 (2023) (recognizing an individual's right to use reasonable force, including physical resistance, to oppose an unlawful arrest). Nevertheless, the prosecution introduced ample evidence demonstrating that the arrest was lawful. When a defendant is prosecuted for resisting arrest, the question of the lawfulness of that arrest—ordinarily one of law for the court—becomes a factual matter for jury resolution. *People v Dalton*, 155 Mich App 591, 598; 400 NW2d 689 (1986). Moreover, the evidence adduced at trial was more than sufficient to uphold defendant's

convictions. The standard for sufficiency is well-established: a conviction must stand if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). Both direct and circumstantial evidence, together with reasonable inferences drawn therefrom, may constitute adequate proof of the elements of an offense. *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016). It is not the province of this Court to disturb the factfinder's assessment of the weight of the evidence or the credibility of witnesses; such determinations are vested uniquely in the trier of fact. *People v Parkinson*, 348 Mich App 568, 574; 803 NW2d 304 (2014).

Defendant was charged and found guilty of assaulting or resisting a police officer, MCL 750.81d(1), and refusing fingerprinting, MCL 28.243a[2]. Specifically, to convict defendant for resisting and obstructing a police officer, the prosecution was required to show that:

> the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. [*People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014), quoting *Quinn*, 305 Mich App at 491 (quotation marks and citation omitted).]

"In addition, the prosecution must establish that the officers' actions were lawful." *Id*. (citation and quotation marks omitted).

The prosecution's proofs in this case satisfy the requisite elements of resisting or obstructing a police officer. Officer Ronk testified that defendant kicked him in the groin, a fact corroborated by the body-worn camera footage presented to the jury, in which Officer Ronk is heard stating, "Don't kick me in the nuts." Officer Perry's testimony confirmed the assault on Officer Ronk. Additional evidence established that defendant was uncooperative and actively resisted Officer Ronk, who was clearly identifiable as a police officer by virtue of his uniform and marked police vehicle with activated emergency lights. Furthermore, Officer Ronk testified that his knowledge of two outstanding warrants for defendant's arrest was the basis for the apprehension. These facts, viewed collectively, provided the jury with a sufficient evidentiary foundation to conclude that defendant knowingly assaulted or resisted a police officer in the performance of their official duties. Accordingly, a jury could conclude sufficient evidence was presented to establish defendant assaulted or resisted a police officer.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman

---

[2] Defendant did not contest or reference her conviction of refusing fingerprinting, hence this issue is not addressed.