# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 9, 2016

v

ANTRELL VONIQUE BROWN,

Defendant-Appellant.

No. 327205
Wayne Circuit Court
LC No. 14-010058-FH

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b, carrying a concealed weapon (CCW), MCL 750.227, possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 46 months to 15 years' imprisonment for the felon-in-possession conviction, five years' imprisonment for the felony-firearm (second offense) conviction, 46 months to 15 years' imprisonment for the CCW conviction, 46 months to 15 years' imprisonment for the possession of less than 25 grams of cocaine conviction, and 46 months to 15 years' imprisonment for the possession of less than 25 grams of heroin conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from defendant's possession of a firearm, cocaine, and heroin in front of a store located on the corner of Chalmers and Glenfield in Detroit on November 3, 2014. Detroit Police Officer Jarvis Reed and his partner, Detroit Police Officer Dominic Countryman, were assigned to the special operations unit, which required them to patrol the streets on the lookout for violent crimes. At approximately 9:00 p.m. on the date in question, Reed was driving southbound on Chalmers when he noticed a group of approximately six men in front of a party store located at 11306 Chalmers in Detroit. Reed and Countryman believed that the men were in the midst of a possible altercation. Reed stopped the patrol car in front of the store, in the middle of the road on Chalmers. Defendant then walked north away from the group of men. Reed saw defendant pull a handgun from his right pants pocket, drop it on the ground, and continue walking toward a nearby alley. Countryman recovered the handgun while Reed detained

defendant. Reed later found packets containing cocaine and heroin on defendant's person. At trial, defendant stipulated that he was a felon and not permitted to possess a firearm. After the close of the prosecution's proofs, the trial court granted a motion by the prosecution to amend the information and jury instructions to reflect that the charge of felony-firearm could be supported by either the felon-in-possession charge or the charges related to the possession of controlled substances. The jury convicted defendant as described above. This appeal followed. On appeal, defendant does not challenge his controlled substances convictions, but only the three convictions related to his possession of a firearm.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence at trial to prove beyond a reasonable doubt the elements of felon-in-possession, felony-firearm, and CCW because there was no evidence that defendant actively or constructively possessed a firearm. We disagree.

We review de novo a defendant's challenge to the sufficiency of the evidence in support of his convictions. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). When determining whether sufficient evidence was presented in a jury trial to support a defendant's conviction, we review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). "Circumstantial evidence and reasonable inferences arising therefrom may be used to prove the elements of a crime." *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). Furthermore, this Court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (citation omitted).

## A. FELON-IN-POSSESSION AND FELONY-FIREARM

A felon-in-possession charge requires that the prosecution prove the following elements: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a specified felony, and (3) fewer than five years had elapsed since he or she paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. MCL 750.224f(2)(a); see also *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004), abrogated in part on other grounds by *People v Smith-Anthony*, 494 Mich 669 (2013). Possession of a firearm "may be actual or constructive and may be proved by circumstantial evidence." *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000).

A rational fact-finder could have concluded that the prosecution proved beyond a reasonable doubt the elements of felon-in-possession. As stated, defendant stipulated to the second and third elements during his trial, leaving the prosecution the burden of proving solely that defendant actually or constructively possessed a firearm. Reed testified that he saw defendant pull a gun from his "right side pocket," hold the gun in his hand, and drop it onto the ground in the same area that Countryman found a firearm moments later. No other individuals were around defendant when he dropped the firearm and no other objects were found on the ground near the recovered firearm. Further, Reed testified that he saw defendant's face when he

stopped the patrol car in front of the store, that nothing obstructed his view of defendant as he dropped the handgun, and that "[he] knew it was a gun" that defendant dropped. Therefore, when viewed in a light most favorable to the prosecution, a rational jury could have concluded that defendant actually possessed a firearm. *Gaines*, 306 Mich App at 296. We will not interfere with the jury's decision to find Reed's testimony credible. See *Eisen*, 296 Mich App at 331. Therefore, the prosecution presented sufficient evidence to establish the elements of felon-in-possession.

To succeed on a charge of felony-firearm, the prosecution must prove that "defendant possessed a firearm during the commission of, or in the attempt to commit, a felony." *People v Bosca*, 310 Mich App 1, 22; 871 NW2d 307 (2015) (quotation marks and citation omitted). Possession of a firearm "may be actual or constructive and may be proved by circumstantial evidence." *Burgenmeyer*, 461 Mich at 437.

A rational fact-finder could have concluded that the prosecution proved beyond a reasonable doubt the elements of felony-firearm. First, as discussed above, Reed testified that he saw defendant pull a handgun from his right pants pocket and dispose of it. Further, Reed testified that his view of defendant was not obstructed and there were no other objects found near the recovered firearm. Thus, it was reasonable for the jury to conclude that defendant actually possessed a firearm. *Gaines*, 306 Mich App at 296.

Next, the prosecution satisfied the second element of felony-firearm by proving beyond a reasonable doubt the elements of felon-in-possession—a felony. See *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003); MCL 750.224f(5). Thus, the prosecution presented sufficient evidence to support the predicate offense requirement for a felony-firearm charge. Accordingly, when viewed in a light most favorable to the prosecution, a rational fact-finder could have concluded that defendant actually possessed a firearm and did so while committing a felony. *Gaines*, 306 Mich App at 296. Therefore, the prosecution presented sufficient evidence to support the elements of felony-firearm.[1]

B. CARRYING A CONCEALED WEAPON

In relevant part, the CCW statute provides:

A person shall not carry a pistol concealed on or about his or her person . . . except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if

---

[1] Defendant does not challenge the sufficiency of the evidence related to his controlled substance felony convictions, and we note that the evidence supporting those convictions also was sufficient. The substances were found in defendant's actual possession during a search incident to arrest, and testing revealed them to be cocaine and heroin in amounts less than 25 grams each. See MCL 333.7403(2)(a)(*v*), see also *People v Mayhew*, 236 Mich App 112, 122; 600 NW2d 370 (1999). Therefore, those convictions also served as predicate offenses for, and satisfied the second element of, the felony-firearm charge.

licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license. [MCL 750.227(2).]

CCW is a general intent crime, meaning that the prosecution need only prove that the accused possessed the intent to do the act prohibited—that is to knowingly carry a pistol concealed on or about one's person. *People v Hernandez-Garcia*, 266 Mich App 416, 418; 701 NW2d 191 (2005), vacated in part on other grounds by 477 Mich 1039 (2007) (quotation marks and citations omitted). "Evidence that a defendant placed a revolver in his belt or waistband so that the weapon could not be readily seen has been found sufficient to uphold a CCW conviction." *Id*. at 422 (quotation marks and citation omitted).

Sufficient evidence existed such that a rational fact-finder could have concluded that the prosecution proved beyond a reasonable doubt the elements of CCW. As discussed above, Reed saw defendant pull a firearm from his right pants pocket, hold it in his hand, and then drop the weapon onto the ground. Further, Reed testified that nothing obstructed his view of defendant as he dropped the handgun, and he noted that "[he] knew it was a gun." Based on this evidence, it was reasonable for the jury to infer that up until the point that defendant discarded the weapon, he possessed the general intent to carry the weapon concealed in his pants pocket. See *id*. at 418, 422. We will not interfere with the jury's decision to find Reed's testimony credible. *Eisen*, 296 Mich App at 331. Therefore, when viewed in a light most favorable to the prosecution, a rational jury could have concluded that sufficient evidence was presented in order to convict defendant of CCW. *Gaines*, 306 Mich App at 296.

## III. AMENDMENT OF THE FELONY INFORMATION

Next defendant contends that the trial court erred when it granted the prosecution's motion to amend the felony information during trial and, as a result, that his due process rights were violated. We disagree.

"A trial court's decision to grant or deny a motion to amend an information is reviewed for an abuse of discretion." *People v McGee*, 258 Mich App 683, 686-687; 672 NW2d 191 (2003) (citation omitted). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). Additionally, a trial court's interpretation of a statute or court rule is reviewed de novo. *People v Chavis*, 468 Mich 84, 91; 658 NW2d 469 (2003).

An accused has a constitutional right to due process, which requires that the accused be sufficiently apprised of the charges being brought against him. *People v Higuera*, 244 Mich App 429, 442; 625 NW2d 444 (2001). Moreover, on a motion to amend a felony information, MCL 767.76 does not allow a new offense to be added. *McGee*, 258 Mich App at 688. However, MCL 767.76 does provide that a "court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence" and that, in response to such amendment, a defendant may be entitled to the discharge of the jury unless the amendment does not prejudice defendant through "unfair surprise, inadequate notice, or insufficient opportunity to defendant." MCL 767.76; see also *id*. (quotation marks and citation omitted). Similarly, under MCR 6.112(H), the trial court

may allow the prosecution to amend the information before, during, or after trial unless the proposed amendment would unfairly surprise or prejudice the defendant. See MCR 6.112(H).

Defendant cannot show that he was prejudiced or unfairly surprised by the amendment of the information. In this case, the original information charged defendant with felon-in-possession, felony-firearm (second offense), CCW, and possession of less than 25 grams of heroin. Later, at defendant's preliminary examination held on November 17, 2014, one count of possession of less than 25 grams of cocaine was added to the information. At trial, after resting its case, the prosecution made a motion to amend the information and jury instructions to add an "and/or" under the felony-firearm charge. By virtue of that amendment, the predicate offense for the felony-firearm charge was comprised not solely felon-in-possession, but instead was either felon-in-possession or possession of a controlled substance.

Defendant argues that he was prejudiced because of unfair surprise and inadequate notice of this amendment to the information, which he characterizes as "added offenses." However, this characterization does not accurately reflect the nature of the amendment. The amendment did not add any new offenses to the information. Instead, it merely amended the predicate offense for the felony-firearm charge to include not only the felon-in-possession charge, but also both of the possession of controlled substance charges. Therefore, the amendment did not result in any "added offenses."

Defendant's argument also lacks merit because he could not have been subject to undue prejudice or unfair surprise. It is clear that defendant was also charged—*before* trial—with one count of possession of less than 25 grams of heroin and one count of possession of less than 25 grams of cocaine. Therefore, defense counsel not only had ample time to prepare a defense against those charges, but he also had the opportunity during the trial to cross-examine the prosecution's witnesses regarding those charges. Further, defendant's theory at trial, which if successful would have secured an acquittal of the felony-firearm charge regardless of the predicate offense(s), was that he was not in possession of a firearm. Finally, although the verdict form does not reflect the predicate offense for the felony-firearm charge, the evidence, as stated above, was sufficient for the jury to find that defendant was guilty of any of the predicate offenses. Thus, defendant's conviction for felon-in-possession could have served as the predicate offense irrespective of the amendment adding the possession of controlled substance offenses as alternative predicate offenses. Based on our review of the record, defendant therefore has failed to establish evidence of undue prejudice or unfair surprise. See MCL 767.76; MCR 6.112(H); *McGee*, 258 Mich App at 688. Accordingly, trial court did not abuse its discretion when it granted the prosecution's motion to amend the felony information during defendant's trial, and defendant's due process rights were not violated. *McGee*, 258 Mich App at 686-687.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

-5-