# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LORA MAE COLLINS,

Defendant-Appellant.

UNPUBLISHED
February 20, 2018

No. 337195
Ionia Circuit Court
LC No. 2015-016590-FH

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Defendant, Lora Mae Collins, appeals as of right her convictions for knowingly or recklessly torturing, mutilating, maiming, or disfiguring an animal, MCL 750.50b, and carrying, possessing, or discharging a weapon while under the influence, MCL 750.237. The trial court sentenced Collins to concurrent terms of six months' imprisonment for the animal cruelty conviction and 93 days for the weapon conviction in addition to three years' probation. We affirm.

## I. BACKGROUND

While drunk, Collins shot her 13-year-old dog in the snout with a rifle. The dog survived the gunshot, but he was having difficulty breathing. Collins admitted to law enforcement officers that she shot the dog, saying that she wanted to euthanize the dog because she intended to move to Arizona and could not take the dog with her and because the dog was old and had some health problems. An Animal Control officer took the injured dog to a local veterinarian, who euthanized the dog because of the severity of the injury.

## II. DISCUSSION

### A. PEOPLE'S EXHIBIT 3

Collins first argues that the trial court erred by admitting People's Exhibit 3, a photograph of the dog's injury after the injury was cleaned and the dog was euthanized. Collins asserts that the photograph was unfairly prejudicial because it inflamed the jury and was cumulative of two other photographs showing the injury. We disagree.

-1-

We review for an abuse of discretion a trial court's evidentiary ruling. *People v Steele*, 283 Mich App 472, 478; 769 NW2d 256 (2009). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010) (citations omitted).

Only relevant evidence is admissible. MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. When a defendant pleads not guilty, all the elements of the offense are at issue and, thus, material. *People v Crawford*, 458 Mich 376, 389; 582 NW2d 785 (1998).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398.

The prosecution charged Collins under MCL 750.50b, which provides:

(1) As used in this section, "animal" means any vertebrate other than a human being.

(2) Except as otherwise provided in this section, a person shall not do any of the following without just cause:

(a) Knowingly kill, torture, mutilate, maim, or disfigure an animal.

(b) Commit a reckless act knowing or having reason to know that the act will cause an animal to be killed, tortured, mutilated, maimed, or disfigured.

Therefore, the prosecution had to prove that Collins, (1) without just cause, (2) knowingly (3) tortured, mutilated, maimed, or disfigured an animal; or, (1) without just cause, (2) recklessly knew or had reason to know that her action would cause (3) the torture, mutilation, maiming, or disfigurement of an animal. Collins did not challenge that her action caused the dog's injury, but the fact of the injury and the degree of its severity remained "in issue" and, thus, material because the prosecution had to prove beyond a reasonable doubt that Collins caused the torture, mutilation, maiming, or disfigurement of the dog.

The trial court admitted People's Exhibit 2, a photograph that depicted the injured dog from a distance while he was alive and before his wound was cleaned. By contrast, People's Exhibit 3 depicted the wound after it was cleaned and presented an alternative angle and view more accurately depicting the severity of the injury. Accordingly, People's Exhibit 3 was relevant to an essential element of the charged offense. The prosecution sought and obtained admission of only three photographs of the injured dog, all of which depicted different aspects of the injury. Therefore, People's Exhibit 3 was not cumulative. The trial court did not abuse its discretion by admitting People's Exhibit 3 because it had high probative value and was not cumulative and its probative value substantially outweighed the danger of unfair prejudice.

-2-

B.  MOTION FOR DIRECTED VERDICT

Collins next argues that the trial court erred by denying her motion for a directed verdict and that the evidence was insufficient to convict her of either charged offense.[1]  We disagree.

We review de novo a trial court's denial of a motion for directed verdict.  *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014).  We review de novo a challenge to the sufficiency of the evidence in support of a criminal conviction.  *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  We analyze the evidence "in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt."  *People v Schrauben*, 314 Mich App 181, 198; 886 NW2d 173 (2016) (quotation marks and citation omitted).  We consider both direct and circumstantial evidence, and we "draw all reasonable inferences and make credibility choices in support of the jury verdict."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  We will not resolve witness credibility questions or interfere with the fact-finder's determination of the weight of evidence.  *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

In addition to the charge of animal cruelty, MCL 750.50b(2), whose elements we summarized earlier, the prosecution charged Collins under MCL 750.237, which provides:

(1)  An individual shall not carry, have in possession or under control, or use in any manner or discharge a firearm under any of the following circumstances:

(a)  The individual is under the influence of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance.

To obtain a conviction under MCL 750.237, the prosecution had to prove that Collins (1) carried, possessed, or used a firearm (2) while under the influence of alcohol or a controlled substance.

The prosecution presented witness testimony that Collins shot the dog in the snout, causing the dog to have difficulty breathing.  Witnesses testified that Collins admitted that she wanted to kill the dog because she intended to move to Arizona and because the dog was old and infirm.  Witnesses also stated that Collins admitted that she borrowed a rifle from a neighbor that she used to shoot the dog.  Witness testimony also showed that Collins appeared intoxicated because she was slurring her words and having trouble standing up.  Viewing the evidence in the

---

[1] In the trial court, Collins moved for a directed verdict with respect to the animal cruelty charge only.  Collins now challenges the sufficiency of the evidence for both convictions.  A defendant is not required "to take any special steps to preserve a challenge to the sufficiency of the evidence."  *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999).  In addition, the standards governing review of a motion for a directed verdict and a challenge to the sufficiency of the evidence are the same.  Compare *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014), with *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  Therefore, we consider these challenges together.

light most favorable to the prosecution, and drawing all reasonable inferences from that evidence, we conclude that the prosecution established the elements of both offenses beyond a reasonable doubt.

Collins maintains that the prosecution presented no physical evidence that she had or used a firearm, such as the weapon itself or a spent casing, and relied only on the testimony of Collins and another witness, who were both intoxicated during the incident. Witnesses testified that Collins said she shot the dog, and the veterinarian testified that the x-ray showed pieces of metal in the dog's injured snout consistent with a gunshot wound. We will not question the witnesses' credibility. See *Eisen*, 296 Mich App at 331. Accordingly, we conclude that the prosecution presented sufficient evidence that Collins used a firearm while intoxicated.

Collins argues that she had just cause to shoot the dog to end the dog's suffering resulting from its poor health. Rather than easing the dog's suffering, however, Collins caused the dog more suffering. Therefore, the trial court did not err by denying Collins's motion for a directed verdict, and the jury reasonably rejected Collins's just cause defense.

## C. AMENDMENT TO THE INFORMATION

Finally, Collins argues that the trial court abused its discretion by allowing the prosecution to amend the information to add an additional theory of guilt under MCL 750.50b(2)(b) after the prosecution rested its case. We disagree.

We review de novo a trial court's interpretation of either a statute or a court rule, both of which involve questions of law. *People v McGee*, 258 Mich App 683, 686; 672 NW2d 191 (2003). We review for an abuse of discretion a trial court's decision to grant or deny a motion to amend the information. *Id*. at 686-687. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Swain*, 288 Mich App at 628-629 (citations omitted).

"Both MCL 767.76 and MCR 6.112(H) authorize a trial court to amend the information before, during, or after trial." *McGee*, 258 Mich App at 686. The amendment "must not cause unacceptable prejudice to the defendant through unfair surprise, inadequate notice, or insufficient opportunity to defend." *Id*. at 688 (quotation marks and citation omitted). Prejudice may result if the added offense has dissimilar elements requiring preparation of different defense strategies. *McGee*, 258 Mich App at 691.

In this case, the amendment of the information added an alternative theory of guilt under the second subdivision of MCL 750.50b(2). The offense was not a new and different offense that required the proof of dissimilar elements. The only difference was the defendant's mental state: the alternative theory required proof of reckless conduct, as opposed to knowing and intentional conduct, with either one resulting in the same animal cruelty. We do not believe that Collins was unfairly surprised. She did not have to prepare and present different defense strategies to defend against the two theories of guilt. Rather, the same defenses applied to both. She defended on the basis that she had just cause for shooting the dog because he was old and infirm and her intent was to ease the dog's suffering.

Further, Collins failed to articulate how she would have altered her defense other than vaguely asserting that she would have examined the witnesses differently. Accordingly, Collins failed to show that the amendment to the information caused unfair surprise and prejudiced her defense. The trial court did not abuse its discretion by allowing the prosecution to amend the information to add an alternative theory of the charged offense under MCL 750.50b(2).

We affirm.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly